ACCEPTED
12-15-00236-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/5/2015 5:03:53 PM
Pam Estes
CLERK

**No. 12-15-00236-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/5/2015 5:03:53 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

**DOWTECH SPECIALTY CONTRACTORS, INC.,**
*Appellants*

**V.**

**CITY OF NACOGDOCHES
AND AEROMIX SYSTEMS INC.**
*Appellees*

Appeal from Cause No. C1228865
In the 145th District Court of Nacogdoches County, Texas

**APPELLANTS' MOTION
TO CORRECT CLERK'S RECORD AND FOR
EXTENSION OF TIME TO FILE BRIEF**

TO THE HONORABLE COURT OF APPEALS:

Appellant, Dowtech Specialty Contractors, Inc. requests that this Court issue a letter directing the trial court clerk to correct and re-file the clerk's record the record and would shows as follows:

Appellees is the City of Nacogdoches.

Texas Rule of Appellate Procedure 34.5(d) provides:

**(d) Defects or inaccuracies.**

If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial clerk of the defect or inaccuracy and instruct the clerk to make the correction.

Tex. R. App. P. 34.5(d).

## MISTAKEN ORDER SUBSTITUTION

During the process of preparing its brief, Appellant discovered that the August 28, 2015 Order Denying Plaintiff's Motion for Partial Summary Judgment was not in the clerk's record. It was designated by Appellant for inclusion in the record prior the date on which the clerk's record was filed. *See* APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN CLERK'S RECORD (Exhibit "A"). This item is relevant to this appeal and was a subject of Appellant's Notice of Appeal. *See* NOTICE OF APPEAL (Exhibit "B").

In reviewing Volume 6 of the record currently on file, it became apparent that the clerk erroneously (and quite accidentally) included the wrong order in its place. Set forth below is the portion of Appellant's Designation which mentions five orders issued on August 28, 2015. As one can see, the third order in the August 28 list is an Order Denying Plaintiff's Motion for Partial Summary Judgment:

| | |
|---|---|
| 8/28/15 | Order on Defendant's Motion for Separate Trial |
| 8/28/15 | Order Granting the Defendant's Motion for Partial Summary Judgment |
| 8/28/15 | ==Order Denying Plaintiff's Motion for Partial Summary Judgment== |
| 8/28/15 | Order on Defendant's Motion to Strike Second Affidavit of Bob Click |
| 8/28/15 | Order Ruling on the Defendant's Objections to the Plaintiff's Summary Judgment Evidence (Plaintiff's Motion) |
| 9/16/15 | Plaintiff's Notice of Appeal, dated September 16, 2015 |

APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN CLERK'S RECORD (Exhibit "A"). The exact same five orders were listed on the Notice of Appeal in the same order. *See* NOTICE OF APPEAL (Exhibit "B"). But, when looking in Volume 6 of the Clerk's Record (at the same list of five August 28 orders), one can see that in place of the requested order, the Clerk accidentally included an "Order Denying Plaintiff's Motion for Sanctions" which is not in Appellant's Designation:



CLERKS RECORD VOLUME 6, p. 1469 (showing bookmarks). The actual document designated was an order denying a motion for partial summary judgment. *See* ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Exhibit "C").

Appellant requests that this Court instruct the trial court, to correct the error by removing the order denying sanctions and replacing it with the "Order Denying Plaintiff's Motion for Partial Summary Judgment."

## ILLEGIBLE ILLUSTRATIONS AND LOW QUALITY TEXT IN KEY DOCUMENTS

A key part of the appellate record are the documents which comprise Appellant's summary judgment response. They are attached hereto as listed exhibits (clear) and cross referenced in Clerk's Record (less legible). They are as follows:

(1) PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT (Exhibit "D") (Clerk's Record Volume 4, pp. 939-972);

(2) PLAINTIFF'S NOTICE OF INTENT TO USE SUMMARY JUDGMENT EVIDENCE (Exhibit "E") (Clerk's Record Volume 5, pp. 981-982);

(3) AFFIDAVIT OF GERALD DOWNING (Exhibit "F") (Clerk's Record Volume 5, pp. 1350 -1356);

(4) AFFIDAVIT OF BOB CLICK (Exhibit "G") (Clerk's Record Volume 5, pp. 983-1001);

(5) EXHIBITS TO BOB CLICK AFFIDAVIT VOLUME 1 (Exhibit "H") (Clerk's Record Volume 5, pp. 1002 – 1100);

(6) EXHIBITS TO BOB CLICK AFFIDAVIT VOLUME 2 (Exhibit "I") (Clerk's Record Volume 5, pp. 1101 – 1208);

(7) EXHIBITS TO BOB CLICK AFFIDAVIT VOLUME 3 (Exhibit "J") (Clerk's Record Volume 5, pp. 1209 – 1349); and

(8) DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (Exhibit "K") (Clerk's Record Volume 5, pp. 1357-1392)

All of the above listed documents were filed electronically (as attached hereto) with the trial court. However, due to possible hardcopy printing and re-scanning, the copies of such filings contained in the record are significantly less legible. This is demonstrably apparent when the referenced pages of the Clerk's Record are viewed.

This has two significant results. First it reduces the effectiveness of word searching the record, because of inaccuracies

in the Optical Character Recognition (OCR) process. Second, it has significantly reduced the quality of photographs and illustrations contained in the record. Because this case involves breach of an engineering and construction contract, the Court's understanding of the mounting and operation of the aerators in question is paramount.

An example of the quality degradation is shown below. First is a picture which was an exhibit to Bob Click's Affidavit (as set forth in the Clerk's Record at Vol. 5 p. 1102). It shows the cable mount and resultant sway of an aerator. Second, is the same picture as electronically filed:





Below are versions of an illustration contained in exhibit "6d" of the Bob Click affidavit. The first version is shown as presented in the Clerk's Record at Volume 5 p. 1029. The second version is as filed in EXHIBITS TO BOB CLICK AFFIDAVIT VOLUME 2, p. 2 (Exhibit "H").

# 25-30 HP (18.7 - 22.4 kW)MONSOON™
## Paddlewheel Surface Splash Aerator

# Installation,Operation,and
# Maintenance
# Manual





©2009, AEROMIX Systems, Inc.

*Rugged Solutions in Water and Wastewater*

1029

# 25-30 HP (18.7 - 22.4 kW)MONSOON™
## Paddlewheel Surface Splash Aerator

# Installation,Operation,and
# Maintenance
# Manual



©2009, AEROMIX Systems, Inc.



Rugged Solutions in Water and Wastewater

A similar degradation in legibility is present throughout the record as to the listed exhibits. *See generally*, CLERK'S RECORD VOLUME 4, p. 939 through CLERK'S RECORD VOLUME 5, p. 1392.

WHEREFORE, APPELLANTS PRAYS that this Court: send an instruction to the trial court clerk, directing the trial court clerk to create and file a "Corrected Clerk's Record" by (1) correcting the defect in the Clerk's Record by replacing the "Order Denying Plaintiff's Motion for Sanctions" (at Clerk's Record Volume 6, p. 1469) with the "Order Denying Plaintiff's Motion for Partial Summary Judgment" (attached as Exhibit "C"); and (2) correcting the inaccuracies in the Clerk's Record by replacing CLERK'S RECORD VOLUME 4, p. 939 through CLERK'S RECORD VOLUME 5, p. 1392 with the documents attached hereto as Exhibits "D" through "K".

APPELLANT FURTHER PRAYS that this Court grant it an extension to file its Brief to and including the 20th day from the date the Corrected Clerk's Record is filed with this Court.

Respectfully submitted,

LAW OFFICE OF BLAKE C. NORVELL
37 Cypress Point St.
Abilene, Texas 79606
325-695-1708 telephone
325-695-1708 facsimile


/s/ Blake Norvell

By: _____
Blake C. Norvell
State Bar No. 24065828

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with Tom Belanger by telephone and he has agreed and is unopposed to APPELLANTS' MOTION TO CORRECT CLERK'S RECORD AND FOR EXTENSION OF TIME TO FILE BRIEF.

LAW OFFICE OF BLAKE C. NORVELL

37 Cypress Point St.
Abilene, Texas 79606
325-695-1708 telephone
325-695-1708 facsimile

/s/ Blake Norvell

By: _____

Blake C. Norvell
State Bar No. 24065828

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

I certify that on November 5, 2015, I served a copy of APPELLANTS' MOTION TO CORRECT CLERK'S RECORD AND FOR EXTENSION OF TIME TO FILE BRIEF on the parties listed below by electronic service and that the electronic transmission was reported as complete.  My e-mail address is norvell2007@gmail.com.

LAW OFFICE OF BLAKE C. NORVELL
37 Cypress Point St.
Abilene, Texas 79606
325-695-1708 telephone
325-695-1708 facsimile


/s/ Blake Norvell
By: _____
Blake C. Norvell
State Bar No. 24065828

**ATTORNEY FOR APPELLANT**

Tom Belanger
TX Bar No. 02060400
ADAMS, BELANGER, & LoSTRACCO, P.C.
305 E. Main St. Nacogdoches, TX 75961
936-564-4315 telephone
936-560 – 0280 facsimile